VEGA, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 492.—Decided July 12, 1921.

RECORD OF TITLE—HEIR—CONDITIONAL HEIR.—The conditional heir having died before the condition was fulfilled, he conveyed no right to his heirs.

ID.—ID.—CONVEYANCE.—A sale made by an attorney in fact in the names of the actual owners is valid although it may appear that the property is conveyed also in the names of the parents of the said owners who in fact had no right therein.

ID.—IDENTITY.—The circumstances attending this case, which are set forth in the opinion, show that María Gautier Atienza, in whose name the attorney in fact made the sale, is the same María Josefa Gautier y Atienza in whose name the interest conveyed appears recorded.

ID.—ID.—CONDITION IMPOSED BY TESTATOR.—The testator made his wife the usufructuary of his entire estate and designated her as his heiress so that she could transmit the same to her children in case she should have any by a second husband. He also willed that in case the usufructuary should die without

issue, the children of his brother Manuel should be his heirs. *Held:* That it having been shown that the widow attained her sixty-fourth birthday without having any children, the conclusion was necessary that she could not have any thereafter and therefore that the condition imposed by the testator had been fulfilled and his nephews acquired full rights which they could convey, particularly when the grantee was the widow herself.

The facts are stated in the opinion.

*Mr. R. Martínez Nadal* for the appellant.

The respondent appeared by brief.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Heraclio Gautier y Vilá died in this city on June 18, 1889, leaving a will made before a notary public on June 16, 1887. The eighth clause of the said will is as follows:

"Eight: The husband, Heraclio Gautier y Vilá, leaves to his wife, Ramona Vega, the usufruct of all the property that may belong to him; but if she should marry again and bear children from that marriage, then his said wife Ramona shall inherit all of the property belonging to Heraclio Gautier, in order that she may transmit her rights to her lawful heirs, her children; and in case his said wife Ramona should die without such heirs the property of the testator held by the wife in usufruct shall pass to the nephews and nieces of the said Heraclio, the children of his brother Manuel."

On April 11, 1890, a deed of liquidation and partition of the estate of Gautier was executed. It contains a paragraph as follows:

"In accordance with the eighth clause of the will and inasmuch as the contingency of the condition according to which the lawful heirs of Ramona Vega shall inherit the said estate has not arrived, it is alloted to the children of Manuel Gautier y Vilá; but it is understood that this allotment shall have no effect if the said Ramona Vega should marry again and leave lawful heirs at the time of her death. In that case the allotment shall be considered to have been made to her children or lawful heirs."

The widow of Gautier, appellant Ramona Vega, married for the second time. Her second husband died. She was born on February 21, 1857, and is now a widow. She never had any children.

On April 12, 1921, José Lázaro, as attorney in fact of Manuel Gautier and Carmen Atienza and of their children Juan, Ramón, María, Josefa and Manuel, party of the first part, and Ramona Vega, party of the second part, appeared before a notary and the former sold to the latter for the sum of thirty-five thousand Spanish *pesetas* the undivided interests which his principals had in the nude ownership of the urban property in question, with all its appurtenances and whatever further rights and interests his principals had or 'may have in the said property, without any reservation, including in the conveyance the bequest of three thousand *pesos* made by the testator to his godson Manuel. In this document full explanations 'were made, to which we shall refer hereafter.

The deed of sale and exhibits having been presented in the registry for' record, the registrar refused to record it by a decision reading as follows:

"Record of the foregoing document is denied because of the following incurable defects:

"First: Because the hereditary share in the property proceeding from José Tomás Gautier y Atienza, one of the conditional heirs of Heraclio Gautier Vilá according to the inquiry *ad perpetuam* exhibited, is not recorded in the names of his parents, Manuel Gautier Vilá and Carmen Atienza López de Cristóbal, for although the designation of the intestate heirs of José Tomás is exhibited, its record has not been asked for, and although the said conditional heir transmits no rights to his heirs because the case comes within the provision of section 747 of the Civil Code, a reenactment of the law in force at the time of Heraclio Gautier Vilá's death, which occurred before the Spanish Civil Code went into effect in this Island, the registry contains a record of the nude ownership of a share in the property in the names of the children of Manuel Gautier Vilá without giving their names, among whom is the said José Tomás, according to the said exhibit.

"Second: As the said inquiry *ad perpetuam* shows that the only nephews and nieces of the testator at the time of his death, the children of his brother Manuel, were Juan Manuel, Román Pío Tadeo,.

María Josefa and José Tomás Gautier y Atienza, the last of whom died and was succeeded by his parents, the conveyance is made by the attorney in fact of the spouses Manuel Gautier y Vilá and Carmen Atienza y López de Cristóbal and of their legitimate children Juan Manuel, Román and María Josefa Gautier y Atienza and also of the other children of the same spouses, Josefa and Manuel Gautier y Atienza, without proving that the María who conferred the power is the same María Josefa named in the foregoing document, and the said document does not show that Josefa and Manuel have a right to the inheritance, while in their names the sale is also made and a part of the price is received, to the prejudice of the other grantors.

"Third: Because the designation of heirship in favor of the nephews and nieces of testator Heraclio Gautier Vilá, as it appears from the clause of the will inserted in the preceding document, is subordinate to the death without succession of the wife of the testator, Ramona Vega, the vendee, which event has not taken place and for which reason the acquisition of the rights conveyed can not be considered consummated according to sections 778 to 794 and 1081 of the revised Civil Code and the decision of April 7, 1904, 6 P. R. R. (2nd ed.) 110.

"Fourth: And because all of the conditions have not been complied with, for they require that Juan, Román, María, Josefa and Manuel should receive for their interests in the property the sum of 35,000 *pesetas,* and the spouses Gautier Atienza an equal sum for theirs, making a total of 70,000 *pesetas,* while the sale was made for only 35,000 *pesetas.*"

From the foregoing decision the present appeal was taken.

1. Section 747 of both the revised Civil Code and the old Civil Code prescribes: "The heir or legatee who should die before the condition is fulfilled, even though he survives the testator, transmits no rights whatsoever to his heirs."

It is true that the record appears in the registry in the names of the children of Manuel Gautier and that one of them was Tomás, but Tomás died on September 24, 1889, or before the condition was fulfilled; therefore he acquired nothing definite or material and transmitted nothing to his parents. This being so, a previous record in the names of the said parents is not necessary.

2. In our judgment the second defect assigned does not exist. Although it is true that the attorney in fact appears as executing the deed in the names of persons who in fact have no interest in the property in question, it is also true that he executed it with full and sufficient powers in the names of the persons who indisputably had interests in it, and the sale is therefore valid.

As to the identity of María, we agree with the attorney for the appellant that if there could be a case where everything has been attempted to be explained with abundant details, this is such a case. The inquiry *ad perpetuam* states the number of nephews and nieces who were alive at the time of the testator's death; their ages at that time; their ages at the time of the inquiry; the names of each, and other details; and in the power conferred upon Lázaro by the nephews and nieces each of them is denominated by his name and his paternal and maternal surname, giving his residence, profession, civil status and age, and comparing all of these data it is easily concluded that the María Josefa Gautier y Atienza mentioned in the document is the same María Gautier y Atienza referred to in the power.

3. It having been shown that the widow was sixty-four years old at the time of the execution of the deed, it may be concluded, without being an expert, that she could not thereafter have any children and therefore that the condition imposed by the testator had been fulfilled and his nephews acquired full rights which they could convey, particularly when in this case the grantee was the widow herself.

4. The basis of the last ground of appeal is untenable. Lázaro acted under two powers specially conferred upon him for the sale in question. One was given to him by the children and the other by the parents. They were in doubt about the extent of their rights and some doubted whether or not they had any, and they all participated. This is what the documents show. When the second power was conferred

the same price was fixed for the conveyance, but it is deduced that the price was for the whole of the rights involved regardless of the number of persons. Besides, we have seen that the parents had no rights, and that being the case, the price fixed by the children alone remains and that was actually the price received.

By virtue of all the foregoing the decision appealed from must be reversed and the record ordered.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and. Hutchison concurred.